**FILED**
JAMES J. VILT, JR. - CLERK

JAN 18 2024

U.S. DISTRICT COURT
WEST'N. DIST. KENTUCKY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT BOWLING GREEN

UNITED STATES OF AMERICA                                                         PLAINTIFF

v.                                                          CRIMINAL NO. 1:21-CR-00044-GNS

LOGSDON VALLEY OIL, INC.                                                        DEFENDANT
a/k/a HART PETROLEUM

## PLEA AGREEMENT

Pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, the United States of America, by Michael A. Bennett, United States Attorney for the Western District of Kentucky, and defendant, Logsdon Valley Oil, Inc, a/k/a Hart Petroleum, and its attorney, Brian Butler, have agreed upon the following:

1. Defendant acknowledges that he has been charged in the Indictment in this case with a violation of 42, United States Code, Section 300h-2(b)(2) (Safe Drinking Water Act) and Title 18, United States Code, Section 2 (Aiding and Abetting).

2. Defendant has read the charges contained in the Indictment, and those charges have been fully explained by counsel. Defendant fully understands the nature and elements of the crimes with which it has been charged.

3. Defendant will enter a voluntary plea of guilty to Count 1 in this case. Defendant will plead guilty because it is in fact guilty of the charge. The parties agree to the following factual basis for this plea:

The SDWA, 42 U.S.C. § 300f et seq, was enacted to provide for the safety of public water systems. Pursuant to the SDWA, 42 U.S.C. § 300j-9(a)(1), the EPA promulgated regulations to control underground injection activities. The EPA administers the UIC program

for the Commonwealth of Kentucky. 40 C.F.R.§ 147.901(a). This program consists of the requirements of 40 C.F.R. parts 124, 144, 146, 147, and 148.

Logsdon Valley is a Kentucky corporation which owns and operates several oil production wells and tank batteries. Its registered agent and vice president is Charles L. Stinson, who is also the "operator." "Owner or operator" means the owner or operator of any "facility or activity" subject to regulation under the UIC program. "Facility or activity "means any UIC "injection well," or another facility or activity that is subject to regulation under the UIC program.40 C.F.R. § 144.3.

In 2013, Stinson and Logsdon Valley pled guilty to violations of the SDWA for draining produced water from tank batteries on oil leases into sinkholes. Stinson and Logsdon Valley were sentenced on January 16, 2014, to 2 years of probation and a fine of $45,000.

Inspectors conducted an inspection of the Class II underground injection Payton #7 East Well on September 13, 2019 operated by Charles Stinson and Logsdon Valley Oil. The inspectors discovered a valve on the tank containing fluids derived from oil and gas production was closed, therefore no fluids were entering the injection line attached to the Payton #7 East Well. Another valve on the tank was open to a black PVC line, approximately two inches in diameter, indicating that produced fluids were being injected somewhere. The inspectors also noted that the contents of the tank were emitting a strong, gaseous odor. The inspectors followed the black PVC line, draped downhill from the area where the tank was situated, into the woods nearby. There, they found produced fluids spurting through the end of the PVC line, pouring into a sinkhole and across the ground. The inspectors also observed dark staining of the vegetation in the area from produced fluids. The Kentucky Emergency Response Team (ERT) was notified of

the release.   Records for oil production were received from Logsdon Valley Oil. It appears the Payton East well was producing oil during the time in question.

4.   Defendant understands that the charge to which it will plead guilty carries a maximum fine of $500,000, and a 3-year term of supervised release. Defendant understands that an additional term of imprisonment may be ordered if the terms of the supervised release are violated, as explained in 18 U.S.C. § 3583.

5.   Defendant the Sentencing Guidelines require a term of supervised release and that he will then be subject to certain conditions. §§5D1.1, 5D1.2, 5D1.3.

6.   Defendant understands that by pleading guilty, it surrenders certain rights set forth below. Defendant's attorney has explained those rights, and the consequences of the waiver of those rights, including the following:

   A.   If defendant persists in a plea of not guilty to the charge, it has the right to a public and speedy trial. The trial could either be a jury trial or a trial by the judge sitting without a jury. If there is a jury trial, the jury would have to agree unanimously before it could return a verdict of either guilty or not guilty. The jury would be instructed that defendant is presumed innocent and that it could not be convicted unless, after hearing all the evidence, it was persuaded of defendant's guilt beyond a reasonable doubt.

   B.   At a trial, whether by a jury or a judge, the United States would be required to present its witnesses and other evidence against defendant. Defendant would be able to confront those government witnesses and its attorney would be able to cross-examine them. In turn, defendant could present witnesses and other evidence on its own behalf. If the witnesses for defendant would not appear

voluntarily, the defendant could require their attendance through the subpoena power of the Court.

7. Defendant understands that the United States Attorney's Office has an obligation to fully apprise the District Court and the United States Probation Office of all facts pertinent to the sentencing process, and to respond to all legal or factual inquiries that might arise either before, during, or after sentencing. Defendant admits all acts and essential elements of the indictment counts to which it pleads guilty.

8. Restitution is not at issue in this matter.

Defendant agrees to submit to a deposition in aid of collection at times and places that the United States directs. If the Defendant has a financial advisor or accountant, Defendant agrees, at his expense, to make them available to aid the United States in determining Defendant's net worth. Defendant authorizes the United States to file notice of Lis Pendens prior to judgment on any real property Defendant owns either individually or jointly. Defendant agrees to his name and debt being added to the Treasury Offset Program.

Upon execution of the Plea Agreement, Defendant agrees not to transfer, sell, or secrete any of Defendant's property, real or personal, held jointly, individually or by nominee/third party, valued at $5,000 or more without first advising the United States not less than 10 days before the proposed sale or transfer. Defendant agrees that failure to comply with any of the provisions of this Agreement constitutes a material breach of the Plea Agreement and Defendant agrees that the United States is relieved of its obligations under this Agreement and/or may not move the Court pursuant to U.S.S.G. § 3E1.1(b) to reduce the offense level by one additional level, and may in its discretion argue to the Court that the Defendant should not receive a two-

level reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a). However, the Defendant may not withdraw his guilty plea because of his breach.

9. Defendant acknowledges liability for the special assessment mandated by 18 U.S.C. § 3013 and will pay the assessment in the amount $400 to the United States District Court Clerk's Office by the date of sentencing.

10. At the time of sentencing, the United States will

-recommend a fine of $100,000, to be due and payable on the date of sentencing. Defendant reserves the right to argue for a fine lower than $100,000.

-recommend a reduction of 3 levels below the otherwise applicable Guideline for "acceptance of responsibility" as provided by §3E1.1(a) and (b), provided the defendant does not engage in future conduct which violates any federal or state law, violates a condition of bond, constitutes obstruction of justice, or otherwise demonstrates a lack of acceptance of responsibility. Should such conduct occur and the United States, therefore, opposes the reduction for acceptance, this plea agreement remains binding, and the defendant will not be allowed to withdraw his plea.

-recommend a three-year term of supervised release with adopting the conditions of the Compliance Order Docket No. SDWA-04-2022-2400. It is requested that compliance with Compliance Order Docket No. SDWA-04-2022-2400 be a special condition of supervised release. A condition of supervised release, defendant agrees to be inspected by EPA (and other state/local authorities) at their discretion.

11. Both parties have independently reviewed the Sentencing Guidelines applicable in this case. Parties defer to the court to determine the applicable Guidelines.

A. The Applicable Offense Level should be determined by the Court.

B. The Criminal History of defendant shall be determined upon completion of the presentence investigation, pursuant to Fed. R. Crim. P. 32(c). Both parties reserve the right to object to the USSG §4A1.1 calculation of

defendant's criminal history. The parties agree to not seek a departure from the Criminal History Category pursuant to §4A1.3.

    C.    The foregoing statements of applicability of sections of the Sentencing Guidelines and the statement of facts are not binding upon the Court. The defendant understands the Court will independently calculate the Guidelines at sentencing and defendant may not withdraw the plea of guilty solely because the Court does not agree with either the statement of facts or Sentencing Guideline application.

12. Defendant agrees to the following waivers of appellate and post-conviction rights:

    A. The Defendant is aware of the right to appeal the conviction and that 18 U.S.C. § 3742 affords a defendant the right to appeal the sentence imposed. Unless based on claims of ineffective assistance of counsel or prosecutorial misconduct, the Defendant knowingly and voluntarily waives the right to directly appeal the conviction and the resulting sentence pursuant to Fed. R. App. P. 4(b) and 18 U.S.C. § 3742.

    B. The Defendant is aware of the right to contest or collaterally attack the conviction and the resulting sentence under 28 U.S.C. § 2255 or otherwise. Unless based on claims of ineffective assistance of counsel or prosecutorial misconduct, Defendant knowingly and voluntarily waives any collateral attack argument; and

    C. The Defendant knowingly and voluntarily waives the option to file a motion to have the sentence modified pursuant to 18 U.S.C. § 3582(c), except for a rule 35(b) motion filed by the government or a motion for compassionate release under 3582(c)(1)(A), limited to the grounds set forth in U.S.S.G §1B1.13 until such provision is modified by the Sentencing Commission, filed by the defendant.

13. Defendant agrees not to pursue or initiate any civil claims or suits against the United States of America, its agencies or employees, whether or not presently known to defendant, arising out of the investigation or prosecution of the offense covered by this Agreement.

14. The defendant hereby waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a.

15. It is understood that pursuant to Fed. R. Crim. P. 11(c)(1)(B), the recommendations of the United States are not binding on the Court. In other words, the Court is not bound by the sentencing recommendation and defendant will have no right to withdraw his guilty plea if the Court decides not to accept the sentencing recommendation set forth in this Agreement.

16. Defendant agrees that the disposition provided for within this Agreement is fair, taking into account all aggravating and mitigating factors. Defendant states that he has informed the United States Attorney's Office and the Probation Officer, either directly or through his attorney, of all mitigating factors. Defendant may challenge the amount of the fine at sentencing.

17. This document and the supplemental plea agreement state the complete and only Plea Agreements between the United States Attorney for the Western District of Kentucky and defendant in this case, and are binding only on the parties to this Agreement, supersedes all prior understandings, if any, whether written or oral, and cannot be modified other than in writing that are signed by all parties or on the record in Court. No other promises or inducements have been or will be made to defendant in connection with this case, nor have any predictions or threats been made in connection with this plea.

AGREED:

MICHAEL A. BENNETT
United States Attorney

By:

_____          1-16-24
Joshua Judd                              Date
Assistant United States Attorney

    I have read this Agreement and carefully reviewed every part of it with my attorney. I fully understand it and I voluntarily agree to it.

_____          Jan 18, 2024
Logsdon Valley Oil (President Ellen Stinson)   Date
Defendant

    I am the defendant's counsel. I have carefully reviewed every part of this Agreement with the defendant. To my knowledge my client's decision to enter into this Agreement is an informed and voluntary one.

_____          Jan 18, 2024
Brian Butler                             Date
Counsel for Defendant

MAB:JDJ